IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 5:22-cv-06084-RK |
| v. | ) ) |
| VIOLA P. BOWMAN, PAMELA D. FRANKLIN, HEATHER R. BOWMAN, ELIZABETH A. GRAVES, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

This is a statutory interpleader action brought under 28 U.S.C. § 1335 involving benefits due under a life insurance policy in excess of $500 and at least two adverse claimants of diverse citizenship. Before the Court is a joint motion by Plaintiff Harford Life and Accident Insurance Co. ("Hartford Life") and Defendants Pamela D. Franklin, Heather R. Bowman, and Elizabeth A. Graves ("Surviving Children") for default judgment against Defendant Viola P. Bowman. (Doc. 31). After careful review and for the reasons below, the joint motion for default judgment is **GRANTED in part** and **DENIED without prejudice in part**. Default judgment is accordingly entered against Viola Bowman as to the interpleader complaint.

I. **Background**

Hartford Life issued a life insurance policy No. ADD-10746 to Kansas City Credit Union, including $51,000 in basic life insurance and accidental death insurance ("Death Benefit") for the insured, Albert Bowman.[1] Viola Bowman is the sole listed beneficiary. The insured died on November 20, 2012. The underlying cause of death listed on the insured's certificate of death was "Homicide – Multiple Gunshot Wounds." In January 2013, Viola Bowman submitted a Proof of Loss to Hartford Life seeking to recover the Death Benefit. Two years later, Viola Bowman was charged in state court with first-degree murder and armed criminal action related to the November 2012 death of the insured. Viola Bowman was ultimately convicted of both charges eight years

---

[1] After entry of default the Court accepts the facts asserted in the complaint as true. *Martinizing Int'l, LLC v. BC Cleaners, LLC*, 855 F.3d 847, 850 (8th Cir. 2017).

later in September 2021; her direct appeal is currently pending before the Missouri Court of Appeals for the Western District of Missouri. (*See* Doc. 1 at 3, ¶ 17.)[2] The Revised Statutes of Missouri do not allow recovery of life insurance benefits having "willfully and unlawfully cause[d] or participate[d] with another in causing the death of the . . . .insured individual under a life insurance policy or certificate." Mo. Rev. Stat. § 461.054.2

Hartford Life filed this interpleader action on July 21, 2022, naming as Defendants Pamela D. Franklin, Heather R. Bowman, and Elizabeth A. Graves – the insured's surviving children – and Viola Bowman. In their answer, the Surviving Children assert both a crossclaim against Viola Bowman and a counterclaim against Hartford Life for vexatious refusal to pay. (Doc. 4.) Despite having been served with the interpleader complaint, Viola Bowman failed to appear or otherwise respond to this interpleader action. Accordingly, on January 27, 2023, Hartford Life and Surviving Children filed a motion for entry of default by the Clerk of Court against Viola Bowman under Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 27.) The Clerk accordingly entered default against Viola Bowman on January 30, 2023. (Doc. 30.) Now before the Court is Hartford Life and Surviving Children's joint motion for default judgment as to Viola Bowman pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 31.)

## II. Discussion

"Federal statutory interpleader allows a party holding money or property to join the various parties asserting mutually exclusive claims, thereby avoiding the threat of multiple liability or multiple lawsuits." *Acuity v. Rex, LLC*, 929 F.3d 995, 1000 (8th Cir. 2019) (citation omitted). The Court has jurisdiction in statutory interpleader claims under 28 U.S.C. § 1335(a) "if there are adverse claimants to money or property worth at least $500 and diverse citizenship between at least two of the adverse claimants." *Id.* (citation omitted). In statutory interpleader, federal jurisdiction rests on two jurisdictional prerequisites: (1) minimal diversity of citizenship between "[t]wo or more adverse claimants . . . .[who] are claiming or may claim to be entitled to" the money or benefits involved, and (2) that the interpleader plaintiff has deposited the monies or amounts due under the insurance policy into the Court's registry. § 1335(a)(1); *see Acuity*, 929 F.3d at 1000 (holding the district court lacked subject matter jurisdiction because the interpleader plaintiff did not deposit the funds at issue into the court's registry).

---

[2] Case.net, Missouri's online case management system, indicates that Viola Bowman's direct appeal remains pending as of the date of this order. *State v. Bowman*, No. WD 85002 (Mo. Ct. App.).

Here, the Court finds that the minimal diversity requirement is satisfied: first, Heather Bowman is alleged to be a citizen of Arizona and Viola Bowman is alleged to be a citizen of Missouri, and second, they have adverse claims to the Death Benefit. (Doc. 1 at ¶¶ 2 & 4.) Although Viola Bowman has been convicted in the death of the insured, her direct appeal remains pending and, in light of her prior claim seeking to recover the Death Benefit having filed a Proof of Loss with Hartford Life, her citizenship therefore remains relevant. *See also New York Life Ins. Co. v. Lewis*, No. 4:17-CV-2532 CAS, 2018 WL 2981345, at *2 (E.D. Mo. June 13, 2018) (finding the district court lacked jurisdiction under § 1335 because there were "no actual claimants" to the insurance proceeds and the beneficiary did not have a colorable interest in the proceeds as a matter of law under § 461.054 to the extent she had plead guilty to the insured's murder); § 461.054.2 (providing that the statute applies to, by force of law, give effect to a beneficiary designation as if the beneficiary had disclaimed it (1) "by a criminal conviction or guilty plea, after the right of direct appeal has been exhausted," or (2) in a proceeding by petition under § 461.054.3 governed by a preponderance of the evidence standard). Finally, the life insurance Death Benefit involves an amount greater than $500. Statutory interpleader is proper here.

Accordingly, the Court **ORDERS** that Hartford Life deposit the disputed Death Benefit funds with the Court. *See Prudential Ins. Co. of Am. v. Freeman*, No. 4:20-CV-0159-AGF, 2021 WL 5446731, at *2 (E.D. Mo. Nov. 22, 2021) (following this process). Within 14 days from the date of this Order, Hartford Life shall deposit the Death Benefit, with any applicable interest, into the Court's registry. Moreover, it is clear from the record that Viola Bowman is in default as to the interpleader complaint and, as a result, Surviving Children are entitled to the funds.[3] *See id.* at *1 (citing *S. & Assocs., P. C. v. Ford*, No. 4:07-CV-2021 (JCH), 2008 WL 2906857, at *3 (E.D. Mo. July 24, 2008) (collecting cases)).

---

[3] To the extent the joint motion for default judgment seeks default judgment as to Surviving Children's crossclaim against Viola Bowman, the motion for default is **DENIED without prejudice** because Surviving Children have not properly served the crossclaim. (*See* Docs. 4 at 7; 27-1 at ¶ 5 (indicating only that the answer/crossclaim was mailed to Viola Bowman).) *See Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (holding district court did not abuse its discretion in denying motion for default judgment because "Defendants were never properly served"); *see also* Fed. R. Civ. P. 5(a)(2) & 12(a)(1)(B); *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1142 (8th Cir. 1976).

3

Therefore, the joint motion for default judgment (Doc. 31) is **GRANTED in part** and **DENIED in part without prejudice**. Default judgment is accordingly entered against Viola Bowman as to the interpleader complaint.

**IT IS SO ORDERED**.

                                                                             s/ Roseann A. Ketchmark
                                                                             ROSEANN A. KETCHMARK, JUDGE
                                                                             UNITED STATES DISTRICT COURT

DATED: February 23, 2023